UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE No. 14-20721-CR-MOORE/DAMIAN

**UNITED STATES OF AMERICA**,

v.

**OSCAR DIAZ**,

    Defendant.
_____/

## REPORT AND RECOMMENDATION ON SUPERVISED RELEASE VIOLATION

**THIS MATTER** came before the Court for a revocation hearing on February 21, 2024, upon a Superseding Petition for Warrant or Summons For Offender Under Supervision [ECF No. 52] (the "Superseding Petition"), dated November 8, 2023, as to Defendant, Oscar Diaz ("Defendant").[1]

### RELEVANT BACKGROUND

Defendant was convicted on August 6, 2015, of conspiracy to possess with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(b)(1)(C) and 846. [ECF No. 37]. He commenced supervision on January 8, 2021, and was scheduled to terminate supervision on January 7, 2024.

On October 1, 2021, the Court modified Defendant's conditions to include location monitoring for 120 days after several alleged violations. [ECF No. 48]. On August 11, 2022,

---

[1] This matter was referred to the undersigned by the Honorable K. Michael Moore, United States District Court Judge, to take all necessary and proper action as required by law with respect to any violations of Supervised Release as to Defendant, pursuant to 28 U.S.C. § 636 and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida. [ECF No. 58].

the Court again modified Defendant's conditions to include residential reentry treatment after several alleged violations. [ECF No. 49]. Thereafter, the Probation Officer notified the Court of further instances of noncompliance, including several positive drug tests.

On November 1, 2023, the Court issued a summons for Defendant based on a Petition from the United States Probation Office alleging that Defendant violated the requirements of supervised release. [ECF Nos. 50, 51]. On November 8, 2023, the Court accepted the Superseding Petition. [ECF No. 52]. On November 15, 2023, Defendant appeared before the Court for his initial appearance on the Superseding Petition, and the Federal Public Defender was appointed to represent him. [ECF No. 54]. Defendant was released on a $25,000 personal surety bond and has remained out on bond since his initial hearing. [ECF No. 55]. The undersigned conducted the revocation hearing on February 21, 2024 [ECF No. 60].

The violations alleged in the Superseding Petition are as follows:

1. **Violation of Mandatory Condition**, by unlawfully possessing or using a controlled substance. On September 25, 2023, the Defendant submitted a urine specimen which tested positive for the presence of marijuana in our local laboratory and subsequently was confirmed positive by Alere Toxicology Services, Incorporated.

2. **Violation of Mandatory Condition**, by unlawfully possessing or using a controlled substance. On October 27, 2023, the Defendant submitted a urine specimen which tested positive for the presence of cocaine in our local laboratory. Confirmation is pending by Alere Toxicology Services, Incorporated.

3. **Violation of Mandatory Condition**, by unlawfully possessing or using a controlled substance. On October 31, 2023, the Defendant submitted a urine specimen which tested positive for the presence of cocaine in our local laboratory. Confirmation is pending by Alere Toxicology Services, Incorporated.

4. **Violation of Standard Condition**, by failing to answer truthfully all inquiries by the probation officer. On October 2, 2023, the Defendant was questioned regarding drug use and the Defendant denied any drug use,

when in fact, a positive urinalysis on September 25, 2023, indicate this to be false.

[ECF No. 52 at 2].

## REVOCATION HEARING

All parties, including counsel for the United States, United States Probation Officer Ethan Martinez, Defendant, and Defendant's counsel, appeared at the hearing prepared to proceed. However, at the start of the hearing, Defendant indicated his intention to admit to all violations as alleged in the Superseding Petition.

The undersigned placed Defendant under oath and questioned him, following which the undersigned determined that Defendant is fully competent and capable of making an informed decision and that his admission to the violations in the Superseding Petition is knowing and voluntary. The undersigned advised Defendant the maximum penalty the District Judge may impose, pursuant to 18 U.S.C. § 3583(e)(3), is a term of up to two (2) years of imprisonment, followed by supervised release of up to three (3) years, as set forth in 18 U.S.C. § 3583(b)(2). Defendant acknowledged that he understands the Sentencing Guidelines and has discussed with his attorney the applicable guidelines range and the maximum penalties.

Accordingly, based on the representations on the record from Defendant, Defendant's counsel, the Government, and the United States Probation Officer, and having had the opportunity to observe and hear directly from Defendant, the undersigned recommends that the Court set the matter for a final hearing and accept Defendant's admission of guilt as to the allegations of the four violations, as charged in the Superseding Petition [ECF No. 52].

As agreed by the parties on the record, the parties will have until **Friday, February 23, 2024**, within which to file written objections, if any, for consideration by the United States District Judge. Failure to timely file objections will bar a *de novo* determination by the District

Judge of anything in this Recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

      **RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida, this 22nd day of February, 2024.

                                                                  MELISSA DAMIAN
                                                                  UNITED STATES MAGISTRATE JUDGE

Copies to:
Hon. K. Michael Moore, *U.S. District Judge*
Counsel of Record